**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROOSEVELT DONALD GOODMAN, *
*
Plaintiff, *
*
v. * Civil Action No. 8:25-cv-04238-PX
*
*
TRUIST FINANCIAL CORPORATE BANK, *
*
Defendant.

******

## MEMORANDUM OPINION

Pending is Defendant Truist Bank[1] ("Truist")'s Motion to Dismiss the Complaint. ECF No. 8. Having reviewed the filings, the Court needs no hearing. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is granted and the Complaint is dismissed with prejudice.

## I. Background

Pro se Plaintiff, Franklin Goodman, an Army Veteran, avers that in 2011, someone forged his signature on a mortgage-loan refinancing agreement that gave him better interest rates under the Interest Rate Reduction Refinance Loan ("IRRRL") program applicable to veterans. *See* ECF No. 1 at 4; *see also* ECF No. 1-1 at 19. Goodman subsequently modified the mortgage loan three times. ECF No. 8-5 at 2, 9, 19. Nonetheless, 15 years later, Goodman now sues Truist as a successor lender for nonspecific violations of the IRRRL program; the Veterans Affairs (VA) regulations regarding VA Loan Identification Number assignment; the Privacy Act of 1974, 5 U.S.C. § 552a; the Gramm-Leach-Bliley Act, Pub L. No. 105-102, 113 Stat. 1338 (codified in scattered sections of 12 and 15 U.S.C.); and the

[1] The Clerk is directed to correct the name for the Defendant, Truist Bank.

"Digital Privacy Act." ECF No. 1 at 3. Because Goodman fails to state a claim that is both timely and sufficient, the Complaint is dismissed with prejudice.

## II. Standard of Review

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true, and construe[s] the facts and reasonable inferences" most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Because Goodman proceeds pro se, the Court must read the Amended Complaint charitably and let all potentially viable claims proceed on the merits. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a pro se [pleading] must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, Civil Action No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

Where, as here, a defendant attaches documents that are both integral to a claim or defense and authentic, the Court may consider them without converting the motion to dismiss to one for summary judgment. *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021); *see Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A document is "integral" when "its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (emphasis omitted) (citation modified) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va.

2007)). Truist attaches three subsequent loan modifications that Goodman executed after the purported "forgery" in 2011. *See* ECF No. 8-5. Goodman does not dispute the modifications or the authenticity of the relevant documents, and so the Court will consider them.[2]

**III. Analysis**

Truist first argues that, at best, Goodman seems to allege a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, well beyond the applicable statute of limitations. ECF No. 8-1 at 5–6. TILA is a comprehensive statute designed to promote the "informed use of credit by consumers." *Anderson Bros. Ford v. Valencia*, 452 U.S. 205, 219 (1981) (quoting 15 U.S.C. § 1601). Generally, a plaintiff must file a TILA claim within one year of the alleged violation. *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 278 (4th Cir. 2012); 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."). Thus, although the Court is not altogether convinced that Goodman aims to allege a TILA violation based on the 2011 IRRRL refinance, to the extent he did, the claim appears time barred.

Nor do any alleged facts make plausible a violation of the Privacy Act of 1974. "Congress passed the Privacy Act of 1974 in light of the government's 'increasing use of computers and sophisticated information technology,' which 'greatly magnified the harm to individual privacy that can occur from any collection, maintenance, use, or dissemination of personal information.'" *Tankersley v. Almand*, 837 F.3d 390, 395 (4th Cir. 2016) (citation omitted) (quoting 5 U.S.C. § 552a note). The Privacy Act proscribes how federal agency records with individually identifying information are to be

[2] The Court, however, disregards Goodman's filings at ECF No. 1-1 at 1–11, 17–18, 29; ECF No. 11-7; ECF No. 11-8 at 8–11; ECF No. 12-3; and ECF No. 12-4 because they are copies of "AI overviews" that are neither attached to nor otherwise included in, the Complaint. But even if they were, the Court would not consider them. A party cannot simply submit AI generated search results as the party's own work. Nor can the Court be assured that the filings are reliable and accurate. Goodman is reminded that as a pro se plaintiff, he is bound by the Federal Rules of Civil Procedure, including Rule 11, this Court's Local Rules, and Standing Order 2026-03.

stored, who may access such information, and when the government may use or disclose it. *Id.* But these statutory protections do not bear at all on this case. Goodman's claims have little to do with any misuse or disclosure of personal information, let alone the federal government's handling of such data. Thus, any alleged Privacy Act claim must be dismissed.

So too must the alleged violation of the Gramm-Leach-Bliley Act. This Act circumscribes a financial institution's disclosure of protected consumer information. 15 U.S.C. § 6801; *see FTC v. AmeriDebt, Inc.*, 343 F. Supp. 2d 451, 456 (D. Md. 2004); *see also Williams v. Big Picture Loans, LLC*, No. 3:1cvV461, 2019 WL 1186856, at *2 (E.D. Va. Mar. 13, 2019) (citing *RQ Const., Inc. v. Ecolite Concrete U.S.A., Inc.*, No. 09-CV-2728-BEN(WVG), 2010 WL 3069198, at *2 (S.D. Cal. Aug. 4, 2010)); *RQ Const.*, 2010 WL 3069198, at *2 ("The Gramm–Leach–Bliley Act requires financial institutions, including insurance companies, to protect the security and confidentiality of their customers' nonpublic personal information."). Goodman, in contrast, complains of Truist's reliance on a 2011 IRRRL that he now contends included a forged signature. The claim, in short, has nothing to do with the Act.

As to the "Digital Privacy Act," ECF No. 1 at 3, no such statute exists by that name. Nor can the Court ascertain what possible privacy act violation Goodman intends to pursue, given that the cornerstone of his Complaint remains an allegedly "forged" and "nonexistent" mortgage, not any supposed disclosure of private information.

Lastly, although Goodman does not aver that the asserted "forgery" supports a common law claim of fraud or unjust enrichment against Truist, ECF No. 1, even if Goodman intended to bring that kind of claim, it would be barred by limitations. Violations of Maryland common law must be "filed within three years from the date [the action] accrues." Md. Code Ann., Cts. & Jud. Proc. § 5-101; *accord Litz v. Md. Dep't of Env't*, 434 Md. 623, 640 (2013); *see Johnson-Howard v. AECOM Special*

*Missions Servs., Inc.*, 434 F. Supp. 3d 359, 371 (D. Md. 2020). A "cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 290 Md. 631, 636 (1981). Although limitations ordinarily must be raised as an affirmative defense, it may be reached at the dismissal stage, where "all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citation modified) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

When viewing the Complaint's facts most favorably to Goodman, the cause of action accrued in 2011, when Truist's predecessor accepted the IRRRL refinance loan with Goodman's forged initials. ECF No. 1 at 4. Thus, the statute of limitations expired three years thereafter, in 2014, and any such claim filed in 2025 is clearly time barred.

Nor can Goodman plausibly contend that he could not have discovered the alleged wrongdoing between 2014 and the filing of the Complaint. For one, Goodman modified the loan *three times* since 2011 — once in 2012, and then again in 2018 and 2022. ECF No. 8-5 at 2, 9, 19. The loan documents amply reflect that Goodman knew not only of the 2011 refinanced rate, but of the principal which he contends had been artificially inflated because the bank wrongfully "added" $18,000 into the loan. ECF No. 1 at 4. And yet, Goodman waited 13 years after his first loan modification to challenge the IRRRL. Accordingly, under the discovery rule, Goodman's claims accrued well over 10 years ago. Thus, any common law claims are time barred.

The Complaint must be dismissed.

**IV. Dismissal With or Without Prejudice**

This Court retains broad discretion to dismiss claims with or without prejudice. *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). Generally, where a plaintiff has not previously amended the complaint,

dismissal without prejudice may be appropriate. *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016). But if the claims are so hopelessly flawed that no amount of amendment could cure the pleading defects, the Court need not permit what would be an otherwise futile attempt to save the claims. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (holding no abuse of discretion in dismissing complaint with prejudice where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability"); *Foy v. Giant Food Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (concluding dismissal with prejudice proper where claims are clearly time barred on face of complaint); *cf. Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (finding denial of motion to amend proper where government would remain immune to claims). As the stated statutory violations lack any basis in fact or law, those claims must be dismissed with prejudice. They simply do not reach the 2011 acceptance of a refinanced loan for which Goodman contends includes his forged initials. Nor can the Court conceive of any timely and legally sufficient cause of action that Goodman could pursue were he to amend the pleading. Thus, the Complaint is dismissed with prejudice.

**V. Conclusion**

For the reasons discussed above, Defendant Truist Bank's Motion to Dismiss the Complaint is GRANTED. The Complaint is dismissed with prejudice. A separate Order follows.

8/17/2026
Date

/s/
Paula Xinis
United States District Judge